UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 23, 2019

LETTER TO COUNSEL

RE: *Ursula G. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-1841

Dear Counsel:

On June 20, 2018, Plaintiff Ursula G. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplementary Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 18, 19, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff protectively filed her claims for benefits on October 3, 2012, alleging an onset date of April 21, 2011. Tr. 396-409. Her claims were denied initially and on reconsideration. Tr. 164-73, 178-81. Following two extensions of time to gather additional medical records and allow Plaintiff time to find counsel, Tr. 41-68, a hearing was held on December 16, 2016, before an Administrative Law Judge ("ALJ"), Tr. 69-115. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 15-29. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "mild COPD; asthma; obesity; history of ischemic heart disease with prior stenting in 2010 and 2015; coronary artery disease; congestive heart failure; hypertension; depressive disorder; anxiety disorder; and opioid dependence." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she is further limited to: never climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs; no more than occasional exposure to extreme heat and cold, wetness, humidity, fumes, odors, gases, and poor ventilation; understanding, remembering and carrying out simple instructions; doing simple, routine work that is not at a production pace; and breaks would be within customary tolerance (one 15-minute

      break in the morning, one 15-minute break in the afternoon, and a 30-minute lunch break).

Tr. 21. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work, or, alternatively, could perform other jobs existing in significant numbers in the national economy. Tr. 26-28. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 28-29.

      Plaintiff raises two arguments on appeal: (1) that the ALJ's listing analysis was deficient; and (2) that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE was flawed. I agree with Plaintiff's arguments, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

      Beginning with Plaintiff's listing argument, she argues the ALJ inadequately analyzed Listing 3.02, because the ALJ did not discuss whether Plaintiff satisfied the requirements of 3.02(C)(2) or 3.02(C)(3). At step three of the five-step sequential evaluation, the SSA determines whether a claimant's impairments meet or equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Listings 3.00 *et seq.* pertain to respiratory disorders, and Listing 3.02 specifically addresses "Chronic respiratory disorders due to any cause except [cystic fibrosis]." 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 3.00, 3.02 (2017). A chronic respiratory disorder can meet Listing 3.02 by satisfying any one of four subsections, lettered A through D. *Id.* § 3.02. Subsection C requires "[c]hronic impairment of gas exchange demonstrated by" satisfying one of three further numbered subsections. *Id.* § 3.02(C).

      Here the ALJ discussed Listing 3.02, and cited to evidence in the medical record showing Plaintiff did not meet the requirements of 3.02(A), 3.02(B), 3.02(C)(1), and 3.02(D). *See* Tr. 18-19. However, the ALJ did not cite to any evidence pertaining to the requirements of 3.02(C)(2) and 3.02(C)(3). *See id.* Plaintiff argues this error requires remand, and cites to a specific medical record she claims satisfies the requirements of 3.02(C)(3). ECF 18-1 at 15 (citing a pulse oximetry measurement at Tr. 1088). The SSA argues that the cited pulse oximetry measurement does not fully satisfy the requirements to meet the listing, because it does not include a "graphical printout . . . and a concurrent, acceptable pulse wave as the regulations require." ECF 19-1 at 8; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(H)(2)(e)(ii). The Court is convinced there is enough potential support in the record that it cannot disregard the ALJ's lack of explanation as mere harmless error. *See Radford v. Colvin*, 734 F.3d 288, 295-96 (4th Cir. 2013) (holding that the ALJ's lack of explanation at step three rendered it "impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings.").

      Next, Plaintiff cites the recent opinion of the Fourth Circuit in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), for the proposition that remand is warranted where a limitation proposed by the ALJ in his hypothetical is not defined by common meaning, regulation, or the Dictionary of Occupational Titles ("DOT"). ECF 14-1 at 17-18. In *Thomas*, the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because

the lack of clarity frustrated appellate review. 916 F.3d at 312; *see also Perry v. Berryhill*, No. 18-1076, ___ F. App'x ___, 2019 U.S. App. LEXIS 6969 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). In this case, Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment. Plaintiff is correct that the ALJ presented the VE with a hypothetical including work "not at a production pace," with no further definition of that term. Tr. 106, 111. The term "production pace" is directly analogous to the term deemed problematic in *Thomas*. Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

The SSA argues that this Court has previously held that a similar RFC limitation was subject to a common understanding. In *Crocetti v. Commissioner, Social Security Administration*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018), this Court did uphold a similar RFC provision. Critically, however, *Crocetti* noted that, "[n]o precedent, binding or otherwise, requires an additional definition to be presented in order for a hypothetical containing the phrase 'production rate pace' to be understandable to a VE." *Id.* at *5. That position cannot be maintained in the wake of *Thomas*.

The SSA also argues that the Fourth Circuit remanded *Thomas* for multiple reasons, and that *Thomas* should not be read to require remand every time an ALJ uses the terms "production rate or demand pace," or similar such terms, without explanation. Shortly after *Thomas*, the Fourth Circuit decided *Perry*, 2019 U.S. App. LEXIS 6969. While *Perry* is an unpublished decision, and therefore not binding precedent in this Circuit, it supports the proposition that a case can be remanded when the sole error of the ALJ is the failure to define "non-production oriented work setting." *Id.* at *9. Additionally, *Perry* attempted to distinguish the previous case of *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2017). *Perry*, 2019 U.S. App. LEXIS 6969, at *9 n.1. In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." 878 F.3d at 79 (alterations in original). The Fourth Circuit in *Perry* explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." *Perry*, 2019 U.S. App. LEXIS 6969, at *9 n.1.

Here, the RFC did not contain the "descriptors" present in *Sizemore*. Rather, the RFC limitation to "simple, routine work that is not at a production pace," Tr. 21, is directly analogous to the RFC limitation in *Thomas* where the claimant was limited to the ability to "follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace," 916 F.3d at 310. The SSA's citation to *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished), is unpersuasive, as that opinion was simply a one paragraph decision affirming the district court's judgment, and did not contain any discussion of the phrase "nonproduction pace rates." Additionally, while the phrase production rate pace is used in an

appendix to the DOT, a definition is not provided. U.S. Dep't of Labor, *Dictionary of Occupational Titles*, App. C (4th ed. 1991), 1991 WL 688702.

Finally, the SSA argues that even if the ALJ committed error by not explaining the production pace limitation, it was harmless, because the ALJ found Plaintiff only had a mild limitation in concentration, persistence, or pace. In *Thomas*, the claimant argued that the ALJ failed to account for her moderate limitations in concentration, persistence and pace. 916 F.3d at 312 n.5. In a footnote, the Fourth Circuit stated it "decline[s] to resolve that question . . . [because] [w]ithout further explanation, we simply cannot tell whether the RFC finding—particularly the portion restricting Thomas to jobs that do not require a 'production rate' or 'demand pace'— properly accounts for Thomas's moderate limitations in concentration, persistence, and pace." *Id*. Following the Fourth Circuit's reasoning, the lack of a definition of production pace is an issue separate and apart from whether the ALJ adequately accounted for a claimant's limitations in concentration, persistence, or pace. Therefore, the ALJ's error cannot be dismissed as harmless.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 18, is DENIED and Defendant's Motion for Summary Judgment, ECF 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge